IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

TONY A. HICKMAN                                                                                    PLAINTIFF
ADC #090793

V.                                   NO: 2:14CV00131 KGB/PSH

BRETT BUTLER *et al*                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Factual Summary

Plaintiff Tony A. Hickman, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 10, 2014. He alleges defendant Jennifer Petty ("Petty"), a Registered Nurse employed by the ADC, mistakenly injected him with an anti-psychotic medication when he reported to the medical clinic for a blood draw for lab work. He also alleges that after this incident his job assignment was changed from trash porter to sanitation in retaliation.

1

The following facts are undisputed. On July 8, 2014, Hickman was accidently stuck in the arm with a used insulin syringe while he was sorting trash. He reported to the infirmary, where the site of the stick was cleaned and dried. A blood draw was ordered for HIV and hepatitis testing. He was also given a dose of Clonidine for anxiety. No further treatment was ordered with the exception of another blood draw in 6 months for hepatitis. Doc. No. 35-2, page 1.

The following day, Hickman returned to the infirmary for the blood draw. Petty was on duty at the clinic, and had been giving monthly injections of psychiatric medication to inmates. Hickman presented to Petty, and she administered an injection to him of Fluphenazine, an anti-psychotic medication. According to Petty's affidavit, she believed Hickman was an inmate named Smith who was scheduled to receive this medication. Petty documented that she gave the injection to inmate Smith. Petty then called for Hickman so she could draw blood for the ordered HIV and hepatitis testing. Petty was informed by a security officer that the inmate who had previously left the clinic was Hickman. Once Petty realized she mistakenly gave Hickman the anti-psychotic medication, she immediately contacted her supervisor, the Health Services Administrator, and reported the error. Doc. No. 35-1, page 1.

Petty and her supervisor spoke with the physician on duty, Dr. Butler, about the mistake, and also asked for security to call Hickman back to the infirmary. Dr. Butler contacted a psychiatrist, who advised that Hickman be treated with the oral medication Cogentin daily for 21 days to counteract any effects of the Fluphenazine. Hickman returned to the clinic and was told of the error and treatment plan. He was evaluated, denied pain or discomfort, and was not showing negative signs from the injection, according to the medical record. Hickman was notified of the error and treatment plan. Doc. Nos. 35-1, page 2; 35-2, pages 2-3.

After filing this lawsuit, Hickman filed a motion for summary judgment and a declaration on April 6, 2016, asserting Petty's administration of the wrong medication was a constitutional violation (Doc. Nos. 28 & 29).[1]  Hickman also contends his allegedly retaliatory job reassignment inhibited his ability to get needed care.  Petty filed a response in opposition and statement of facts, on April 22, 2016 (Doc. Nos. 30 & 31).  Hickman filed a reply on May 2, 2016 (Doc. No. 32).

On May 2, 2016, Petty filed a motion for summary judgment, a brief in support, and a statement of facts (Doc. Nos. 33-35).  Hickman filed a response in opposition on May 12, 2016 (Doc. No. 36).  Petty asserts she is entitled to summary judgment because she was at most negligent, and was not deliberately indifferent to Hickman's medical needs.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

---

[1]While his motion seeks summary judgment, Hickman also claims that disputed facts exist.

3

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Hickman asserts Petty was deliberately indifferent to his serious medical needs when she administered the anti-psychotic medication to him. However, Hickman concedes in his deposition that the medication was given in error, and testified that he had no issues with Petty before the incident or even after (Doc. No. 35-3). Petty simply made a mistake in giving Hickman the injection. Petty took immediate steps to report the mistake, ensure Hickman's safety, and institute appropriate treatment once she realized her error.[2] At best, Hickman can show negligence, which

---

[2]Although Hickman asserts Petty also failed to administer a medication he identifies as Formentazine in violation of the doctor's orders, medical records from the date of the incident make no mention of Formentazine. In fact, Formentazine is not an actual medication and there are no facts to suggest any prescribed medication was not administered. *See Physician's Desk Reference* (70th ed. 2016). Petty therefore was not deliberately indifferent in not administering Formentazine.

does not rise to the level of deliberate indifference.

Additionally, Hickman testified that he had no adverse effects from the erroneous injection (Doc. No. 35-3), and medical records indicate his lab results were normal (Doc. No. 31-1, page 5). There are no facts in the record to indicate Hickman had any adverse result due to the treatment, or lack of treatment he received.

Thus, for the reasons set forth herein, Petty's motion for summary judgment should be granted, Hickman's motion for summary judgment should be denied, and this case should be dismissed.[3]

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Jennifer Petty's motion for summary judgment (Doc. No. 33) be GRANTED, and plaintiff Tony A. Hickman's complaint be DISMISSED WITH PREJUDICE.

2. Hickman's motion for summary judgment (Doc. No. 28) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 25th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Hickman also alleged he was given a different job assignment in retaliation for his complaints about the incident, there are no facts in the record to suggest Petty had any involvement in his job assignment.